## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| AMERICAN BUSINESS FINANCIAL | : | Case No. 05-10203 (MFW) |
| SERVICES, INC. *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | Objection Date: October 1, 2008 at 4:00 p.m. |
| | : | |
| | : | Hearing Date: October 8, 2008 at 2:00 p.m. |

**MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN GEORGE L. MILLER, CHAPTER 7 TRUSTEE AND DEFENDANTS, ESTATE OF ANTHONY J. SANTILLI, DECEASED, BEVERLY SANTILLI, ALBERT W. MANDIA, JEFFREY M. RUBEN, BRADLEY WEBER, LEONARD BECKER, MICHAEL R. DELUCA, AND HAROLD E. SUSSMAN <u>PURSUANT TO FED. R. BANKR. P. 9019</u>**

George L. Miller, the Chapter 7 Trustee (the "<u>Trustee</u>") for the estate (the "<u>Bankruptcy Estate</u>") of debtor American Business Financial Services, Inc. files this motion (the "<u>Motion</u>") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Section 105(a) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), seeking an order approving a settlement agreement defined below as the "Trustee D&O Settlement Agreement"[2] between George L. Miller, the Chapter 7 Trustee of American Business Financial Services, Inc. and its subsidiaries, Tiger Relocation Company, American Business Credit, Inc., Home American Credit, Inc., American Business Mortgage Services, Inc., and ABFS Consolidated Holdings, Inc. (collectively, "<u>ABFS</u>" or the "<u>Debtors</u>"), and Defendants,

---

[1] American Business Financial Services, Inc, Case No. 05-10203, Tiger Relocation Company, Case No. 05-10204, American Business Credit, Inc., Case No. 05-10206, Home American Credit, Inc., Case No. 05-10207, American Business Mortgage Services, Inc., Case No. 05-10208 and ABFS Consolidated Holdings, Inc., Case No. 05-10217 (collectively, the "<u>Debtors</u>").

[2] Unless otherwise expressly defined herein, capitalized terms shall have the meanings ascribed to them in the Trustee D&O Settlement Agreement.

WILMINGTON\81750\2 166868.000
9/15/08

Estate of Anthony J. Santilli, Deceased ("Santilli"), Beverly Santilli, Albert W. Mandia ("Mandia"), Jeffrey M. Ruben ("Ruben"), Bradley Weber ("Weber"), Leonard Becker ("Becker"), Michael R. DeLuca ("DeLuca"), and Harold E. Sussman ("Sussman") and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Trustee D&O Settlement Agreement (as defined below), including but not limited to performing under the Noteholder Class Cooperation Agreement (as defined below). In support of the Motion, the Trustee avers the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee has standing to request the relief stated in the Motion. The statutory predicates for the relief sought herein are Section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

### BACKGROUND

2. On January 21 and January 24, 2005, ABFS filed voluntary petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, with the cases being jointly administered under the caption, *In re: American Business Financial Services, Inc.*, U.S.B.C. D. Del., Case No. 05-10203 (MFW) (the "ABFS Bankruptcy Proceeding").

3. On or about May 17, 2005, the Court entered an order converting the Bankruptcy Cases from cases under Chapter 11 to cases under Chapter 7 of the Bankruptcy Code and the

Office of the United States Trustee appointed George L. Miller to serve as Chapter 7 Trustee who continues to serve in such capacity.

4. Defendants Santilli, Beverly Santilli, Mandia, Ruben, and Weber (collectively, the "Officer Defendants") were former officers of ABFS. Defendants Becker, DeLuca and Sussman (collectively, the "Outside Director Defendants") were former directors of ABFS (the Officer Defendants and the Outside Director Defendants are referred to collectively in the Trustee D&O Settlement Agreement as the "ABFS Defendants").

5. On or about July 13, 2006, the Trustee commenced suit against the ABFS Defendants (with the exception of Weber), and various financial institutions (with said financial institutions being referred to collectively in the Trustee D&O Settlement Agreement as the "Financial Institution Defendants"), including, JP Morgan Chase Bank, J.P. Morgan Securities, Inc., JPMorgan Chase & Co., Credit Suisse (USA), Inc., Credit Suisse First Boston, Credit Suisse First Boston Mortgage Securities Corp., Credit Suisse First Boston Mortgage Capital, LLC, Bear, Stearns & Co., Inc., Bear Stearns Financial Products Inc., Bear Stearns Asset Backed Securities, Inc., Morgan Stanley & Co., Incorporated, Morgan Stanley Dean Witter & Co., Morgan Stanley ABS Capital I, Inc., and Morgan Stanley Mortgage Capital, Inc. in the matter of *Miller v. Santilli et al.*, C.C.P. Phila. Cty., July Term, 2006, No. 001225 (the "Santilli Litigation").

6. The Financial Institution Defendants have joined BDO Seidman, LLP ("BDO") as an additional defendant in the Santilli Litigation.

7. On or about August 30, 2007, the Trustee commenced suit against Weber in the matter of *Miller v. Weber*, C.C.P. Phila. Cty., January Term, 2007, No. 02333 (the "Weber Litigation").

8. On or about February 15, 2008, the Trustee commenced suit against Blank Rome LLP ("Blank Rome"), ABFS's former counsel, in the matter of *Miller v. Blank Rome LLP*, C.C.P. Phila. Cty., February Term 2008, No. 002028 (the "Blank Rome Litigation"). The Blank Rome Litigation, the Weber Litigation and the Santilli Litigation have been consolidated and are referred to collectively herein and in the Trustee D&O Settlement Agreement as the "State Court Litigations".

9. On or about September 13, 2006, the Trustee commenced suit against Greenwich Capital Financial Products, Inc. ("Greenwich") and others (collectively, the "Greenwich Adversary Defendants") in the United States Bankruptcy Court for the District of Delaware in the matter of *In re: George L. Miller, Chapter 7 Trustee v. Greenwich Capital Financial Products, Inc., et al.,* U.S.B.C., D. Del. Adversary No. 06-50826 (the "Greenwich Adversary Action").

10. In the Santilli Litigation and the Weber Litigation, the Trustee asserts claims against some or all of the ABFS Defendants (collectively, the "Trustee D&O Claims") for negligence, common law fraud, breaches of fiduciary duties, aiding and abetting breaches of fiduciary duties, aiding and abetting fraud, and civil conspiracy.

11. Former ABFS officers and directors Santilli, Mandia, Becker, DeLuca, Sussman, Jerome Miller, Warren E. Palitz and Jeffrey S. Steinberg are also defendants (collectively, the

4

"ABFS Noteholder Defendants") in class action litigation pending in the United States District Court for the Eastern District of Pennsylvania in the matter of *In re: American Business Financial Services, Inc. Noteholders Litigation*, U.S.D.C. E.D. Pa., Civil Action No. 05-232 (the "Noteholder Class Action Litigation"), in which a plaintiff class (the "Noteholder Plaintiff Class") asserts claims against the ABFS Noteholder Defendants under the federal securities laws (the "Noteholder Class D&O Claims")

12. On June 10 and June 11, 2008, a mediation was conducted before the Honorable Daniel Weinstein (Ret.) followed by approximately 3 months of additional negotiations which culminated in the parties reaching settlements of the Trustee's D&O Claims (the "Trustee D&O Settlement") and also the Noteholder Class D&O Claims (the "Noteholder D&O Settlement"). The Trustee D&O Settlement and the Noteholder D&O Settlement provide for combined settlement proceeds of $33,195,000.00 to be shared equally between the Trustee and the Noteholder Plaintiff Class, with the potential to recover an additional $340,000.00, also to be shared equally.

**RELIEF REQUESTED**

13. By this Motion, the Trustee seeks an order of this Court approving the settlement agreement with Defendants, Estate of Anthony J. Santilli, Deceased, Beverly Santilli, Albert W. Mandia, Jeffrey M. Ruben, Bradley Weber, Leonard Becker, Michael R. DeLuca, and Harold E. Sussman which is attached hereto and incorporated herein by reference as Exhibit "A" (the "Trustee D&O Settlement Agreement"), authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the terms and provisions of the Trustee D&O Settlement Agreement including cooperating with the Noteholder Plaintiff Class as provided for

5

in the letter agreement dated 8/28/08 attached hereto, incorporated herein and marked as Exhibit "B" (the "Noteholder Class Cooperation Agreement") and providing that the Bankruptcy Court retain jurisdiction to enforce the Trustee D&O Settlement Agreement.

## THE SETTLEMENT

14. The complete terms and conditions of the settlement are more fully set forth in the Trustee D&O Settlement Agreement (Exhibit "A") and the Noteholder Class Cooperation Agreement (Exhibit "B") and should be referred to in their entirety. Salient provisions of the Trustee D&O Settlement Agreement and the Noteholder Class Cooperation Agreement include inter alia the following:

    (a)     Trustee Settlement Proceeds - In full and complete settlement of the Trustee D&O Claims, the ABFS Defendants shall cause to be paid to the Trustee the sum of Sixteen Million Five Hundred Ninety-Seven Thousand Five Hundred Dollars ($16,597,500) (the "Trustee Settlement Proceeds"), to be contributed by the insurers of the ABFS Defendants, except that Twelve Thousand Five Hundred Dollars ($12,500.00) of the total amount will be contributed by or on behalf of Santilli, and Five Thousand Dollars ($5,000.00) of the total amount will be contributed by or on behalf of Defendant Mandia.

    (b)     Escrow of Trustee Settlement Proceeds

        (i) Within five (5) business days following the later of (a) the execution of this Agreement, (b) the entry of the Approval Order, or (c) the provision of full payment instructions for check and wire transfer, including payee name and taxpayer identification number(s) for the escrow account(s) into which payment is to be made, the Trustee Settlement Proceeds shall be paid to the Trustee acting as escrow agent, which funds shall be held by the Trustee in escrow, in one or more accounts or investments approved by the Office of the United States Trustee and the Parties, until distributable to the Trustee or returnable to the ABFS

Defendants and their insurers, as set forth in Section 3.3 of the Trustee D&O Settlement Agreement.

(ii) The Trustee Settlement Proceeds (including all interest earned thereon) shall be released from escrow by the Trustee and shall be deemed paid to the Trustee upon the Approval Order becoming final in accordance with Section 1.2 of the Trustee D&O Settlement Agreement. In the event that the Bankruptcy Court in the ABFS Bankruptcy Proceeding refuses to enter an Approval Order or if the Approval Order is appealed and reversed, the Trustee Settlement Proceeds and all interest earned thereon (less expenses and bank charges, if any) shall be returned to the insurers and the Parties contributing same as their respective interests therein may appear, and (i) the Parties shall be restored to their respective positions in the Santilli Litigation and the Weber Litigation as of June 12, 2008, with all of their respective claims and defenses preserved as they existed on that date; (ii) the terms and provisions of the Trustee D&O Settlement Agreement shall be null and void and shall have no further force or effect with respect to the Parties, and neither the existence nor the terms of the D&O Settlement Agreement (nor any negotiations preceding the Trustee D&O Settlement Agreement nor any acts performed pursuant to, or in furtherance of, the D&O Settlement Agreement) shall be used in any litigation or in any other action or proceeding for any purpose; and (iii) any judgment or order entered by any court in accordance with the terms of the Trustee D&O Settlement Agreement shall be treated as vacated, nunc pro tunc.

(c) <u>D&Os' Future Defense Fund</u> - In the Santilli Litigation, the Financial Institution Defendants have asserted claims for contribution and/or indemnification against certain of the D&O Defendants (the "D&O Contribution/ Indemnification Claims") arising out of the claims asserted by the Trustee against the Financial Institution Defendants. The insurers for the D&O Defendants have agreed to reimburse the D&O Defendants' actual, reasonable and necessary attorneys' fees and related litigation expenses incurred after the Execution Date in the defense of the D&O Contribution/Indemnification Claims, in an aggregate amount not to exceed Eight Hundred And Eighty Thousand Dollars ($880,000.00) (the "D&Os' Future Defense Fund"), with the first $540,000.00 of the D&Os' Future

7

Defense Fund to be funded and contributed by the insurers, and the remaining $340,000.00 of the D&Os' Future Defense Fund to be funded and contributed equally by the Trustee and the Noteholder Plaintiff Class by way of their having agreed to a reduction in the initial settlement proceeds otherwise due and payable to them (which reduction to the Trustee has already been accounted for under Section 3.1 of the Trustee D&O Settlement Agreement), subject to the Trustee and Noteholder Plaintiff Class potentially being entitled to receive additional settlement proceeds as set forth in Section 3.6 of the Trustee D&O Settlement Agreement.

(d) <u>Trustee Additional Settlement Proceeds</u> - In the event that the D&O Contribution/Indemnification Claims are terminated or resolved prior to the exhaustion of the Eight Hundred And Eighty Thousand Dollar ($880,000.00) D&Os' Future Defense Fund, then an amount equal to the lesser of (a) fifty percent (50%) of the unused portion of the D&Os' Future Defense Fund or (b) One Hundred Seventy Thousand Dollars ($170,000.00) shall be paid to the Trustee (hereinafter referred to as the "Trustee Additional Settlement Proceeds"), and an amount equal to the lesser of (a) fifty percent (50%) of the unused portion of the D&Os' Future Defense Fund or (b) One Hundred Seventy Thousand Dollars ($170,000.00) shall be paid to the Noteholder Plaintiff Class.

(e) <u>D&O Cooperation Obligation</u> – The ABFS Defendants shall cooperate with the Trustee in connection with the Trustee's pursuit of claims against other individuals or entities in existing and/or future litigation, including: (a) the Trustee's claims against the Financial Institution Defendants and BDO (being asserted in the Santilli Litigation); (b) the Trustee's claims against Blank Rome (being asserted in the Blank Rome Litigation); and, (c) the Trustee's claims against the Greenwich Adversary Defendants (being asserted in the Greenwich Adversary Action).

(f) <u>Release of ABFS Defendants and Other ABFS D&O Releasees</u> – Subject to paragraph 6.3 of the Trustee D&O Settlement Agreement [pro tanto nature of release], and upon payment in full of the Trustee Settlement Proceeds in accordance with paragraph 3.3 of the Trustee D&O

8

Settlement Agreement, the Trustee, in his capacity as trustee and on behalf of the Debtors, any of their successors and assigns and any other person claiming (now or in the future) through or on behalf of any of them, including on behalf of the Debtors as insureds or beneficiaries of the insurance policies providing coverage for the ABFS Defendants and/or for the Debtors' other former officers and directors (who were not named as defendants in the Santilli Litigation or the Weber Litigation), remises, relinquishes, releases and discharges each of the ABFS Defendants, each of the Debtors' former officers and directors who were not named as defendants in the Santilli Litigation or the Weber Litigation but only in their capacities as former officers and/or directors of ABFS, and each of the ABFS Defendants' estates, executors, heirs, assigns, administrators, personal representatives, counsel of record in the Litigations, and insurers (but only in said other parties' capacities as such) (collectively, the "ABFS D&O Releasees") of and from any and all actions, causes of action, rights of action, dues, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises, preferences, fraudulent conveyances, fraudulent transfers, claims, suits, demands, rights, damages, costs, losses, fees, judgments, variances, executions, debts, obligations and liabilities, of any kind, nature and/or description whatsoever, whether matured or unmatured, accrued or unaccrued, known or unknown, suspected or unsuspected, contingent or noncontingent, liquidated or unliquidated, whether or not asserted, threatened, alleged or litigated, at law, equity or otherwise, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, malpractice, misrepresentation, fraud, breach of fiduciary duty, or for costs, expenses (including, without limitation, amounts paid in settlement) and attorneys' fees (including, without limitation, costs, expenses and attorneys' fees incurred in connection with Trustee D&O Settlement Agreement and the settlement of the Litigations), or violations of any federal, state or local statutes, common law, or other laws, rules or regulations, that now exist or heretofore existed, that have been or could have been asserted or alleged in the Litigations, or any other forum against the ABFS Defendants or any of them which arise out of, are based upon or relate to, or are in connection with the ABFS Defendants' transactions or

9

dealings with and/or relationships to the Trustee, or the Debtors, including but not limited to any such actions, causes of action, claims, suits, demands, rights, damages, costs, losses, judgments, debts, obligations or liabilities arising out of, based upon or relating to: (i) the Trustee D&O Claims; (ii) the Santilli Litigation; (iii) the Weber Litigation; (iv) the ABFS Bankruptcy Proceedings; or (v) any of the facts, claims, transactions, events, occurrences, acts, disclosures, statements, representations, misrepresentations, omissions or failures to act, or matters of any kind or nature whatsoever, related directly or indirectly to the subject matters referred to, set forth in, or the facts, causes of action, counts or claims for relief which were, might have been, or could have been, asserted, alleged or litigated in the Santilli Litigation, the Weber Litigation and/or the ABFS Bankruptcy Proceedings.

(g) Pro Tanto Nature of Release

(i) The release in the Trustee D&O Settlement Agreement for the benefit of the ABFS Defendants and the other ABFS D&O Releasees is intended and shall be construed and treated as a pro tanto release as recognized under Pennsylvania law, such that: (a) the Trustee is releasing only the ABFS D&O Releasees and no one else; (b) the Trustee reserves and preserves in full all of his claims and actions against all other individuals and entities, including but not limited to the Trustee's claims and actions against the Financial Institution Defendants, BDO, Blank Rome, and the Greenwich Adversary Defendants as now or hereafter asserted in the Santilli Litigation, the Blank Rome Litigation, the Greenwich Adversary Action or in any other action or proceeding; (c) the Trustee reserves the option and right to make claims against any and every other person or entity, including but not limited to the Financial Institution Defendants, BDO, Blank Rome, and the Greenwich Adversary Defendants, and to assert that said other persons or entities and not the ABFS Defendants are liable to the Trustee and the Debtors for the events, matters and damages alleged by the Trustee in the Santilli Litigation, the Blank Rome Litigation, the Greenwich Adversary Action or in any other action or proceeding; (d) this release does not protect the ABFS Defendants from or against any claim or claims now or hereafter asserted against them for contribution or indemnification arising out

10

of any claim asserted by the Trustee against a party or parties other than the ABFS Defendants, except to the limited extent provided in Section 6.4 of the Trustee D&O Settlement Agreement; and, (e) the Trustee shall be entitled to recover in full on account of any/all judgments or awards entered against non-settling parties, and there shall be no reduction of any award or judgment entered against a non-settling party based on any allocated share of liability which might be attributable to one or more of the settling ABFS Defendants, it being the intention and agreement that the Trustee is entitled to collect the full amount of the judgment or award subject only to the potential reduction(s) as provided in Section 6.4 of the Trustee D&O Settlement Agreement.

(ii) In the event that the Trustee obtains a judgment or judgments against the Financial Institution Defendants, BDO, Blank Rome, the Greenwich Adversary Defendants and/or any other person or entity in the Santilli Litigation, the Blank Rome Litigation, the Greenwich Adversary Action or in any other action or proceeding (collectively, the "Judgments"), this release shall not discharge, prejudice, bar, reduce or in any way impair the Trustee's right to collect in full upon all such Judgments unless the ABFS Defendants (or any of them) are judicially determined to be joint tortfeasors, sharing joint and several liability for such Judgments, in which event the Trustee's recovery on such Judgments shall be reduced on a dollar-for-dollar basis by the amount of the Trustee Settlement Proceeds contributed or paid under this Agreement by or on behalf of each ABFS Defendant judicially determined to have been a joint tortfeasor. For purposes of determining the consideration paid by each ABFS Defendant, the Trustee Settlement Proceeds shall be allocated equally among the ABFS Defendants (i.e., each of the ABFS Defendants shall be deemed to have paid an amount equal to 1/8 of the Trustee Settlement Proceeds as consideration for the release afforded to it/him/her). By way of example only, should Santilli and Mandia be judicially determined to have been joint tortfeasors sharing joint and several liability with one or more non-settling defendants in the Santilli Litigation, the Trustee's right to recover on the Judgments against the non-settling defendants shall be reduced on a dollar-for-dollar basis by the amount of the Trustee Settlement Proceeds contributed by or on behalf of

11

Santilli and Mandia, i.e., an amount equal to 1/4 of the Trustee Settlement Proceeds.

(h) <u>Release From ABFS Defendants</u> - The ABFS Defendants remise, release and discharge the Trustee and the Debtors, and their estates, heirs, personal representatives, attorneys, accountants and insurers (but only in said other parties' capacities as such) (collectively, the "Trustee Releasees") of and from any and all actions, causes of action, claims, suits, demands, rights, damages, costs, losses, judgments, debts, obligations and liabilities, whether known or unknown, contingent, liquidated or unliquidated, which the ABFS Defendants have or may have against the Trustee Releasees arising out of, based upon or relating to the ABFS Defendants' transactions or dealings with and/or relationships to the Debtors and/or the Trustee, including but not limited to any such actions, causes of action, claims, suits, demands, rights, damages, costs, losses, judgments, debts, obligations or liabilities arising out of, based upon or relating to the Santilli Litigation, the Weber Litigation and/or the ABFS Bankruptcy Proceeding.

(i) <u>Noteholder Class Cooperation Agreement</u> - The Trustee and the Noteholder Plaintiff Class in the Noteholder Class Cooperation Agreement (Exhibit "<u>B</u>" hereto) have agreed to on-going cooperation between them in connection with the Santilli Litigation and *Malack v. BDO Seidman LLP*, No. 08-784 (the "BDO Litigation") consisting inter alia of (1) providing, at time of service, notice of depositions, deposition subpoenas, and document requests served on defendant and/or documents subpoenas served on third parties in the proceedings to each other; (2) providing copies of deposition transcripts and exhibits in the proceedings to each other; (3) permitting the other party to attend and monitor depositions and/or defendant or witness interviews; (4) sharing copies of all documents or other evidence procured through discovery from third parties and/or defendants in the proceedings; and (5) at the request of the other party running database searches on any and all computer databases and furnishing all results. In addition, the Noteholder Plaintiff Class shall serve the Trustee, at the same time it is filed with the court, the proposed Distribution Order in connection with the Noteholder D&O Settlement.

12

**BASIS FOR RELIEF REQUESTED**

15. This Court has the authority to grant the relief requested in this Motion pursuant to Bankruptcy Code Section 105 and Rule 9019(a) of the Bankruptcy Rules. Bankruptcy Code Section 105(a) provides that "[t]he court may issue any order. . .that is necessary or appropriate to carry out the provisions of this title." Rule 9019 of the Bankruptcy Rules grants the Court authority to approve settlements of claims and controversies after notice and a hearing.[3] Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" Myers v. Martin (In re Martin), 91 F. 3d 389, 393 (3d Cir. 1996) (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993). In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997).

16. Before approving a settlement under Rule 9019(a) of the Bankruptcy Rules, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (*quoting* Louise's, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. Martin, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

---

[3] Rule 9019(a) of the Bankruptcy Rules provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

WILMINGTON\81750\2 166868.000
9/15/08

(a) The probability of success in the litigation;

(b) The complexity, expense and likely duration of the litigation;

(c) The possibilities of collecting on any judgment which might be obtained;

(d) All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

(e) Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425 (1968). See also Martin, 91 F.3d at 393. Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 425. The TMT rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, but rather the Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.), *quoting* In re Drexel Lambert Group, Inc., 134 B.R. 493 (Bankr. S.D.N.Y. 1991). See also, Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 822 (1983).

17. Although the Trustee believes that the Trustee D&O Claims as alleged in the State Court Litigations are sound and is confident that the Bankruptcy Estate would have prevailed at trial, the Trustee has concluded in the exercise of his business judgment that it is in the best interest of the Bankruptcy Estate to settle before all of the available insurance proceeds

14

are used to pay the ABFS Defendants' attorneys fees and expenses incurred in defending the State Court Litigations and the Noteholder Class Action Litigation.

18. The Trustee in making the decision to enter into the Trustee D&O Settlement Agreement has also considered (i) the risks and expenses of protracted litigation, (ii) the apparent inability of the ABFS Defendants to pay out of their own funds any significant portion of a potential judgment against them, (iii) the need to resolve the State Court Litigations in an expeditious manner given that the creditors of the Bankruptcy Estate are generally individuals of advanced age, and (iv) the benefits to the Bankruptcy Estate in securing the cooperation of the ABFS Defendants in the Trustee's continuing litigation against non-settling defendants.

19. In assessing the wisdom of entering into the Trustee D&O Settlement Agreement, the Trustee also considered the symbiotic benefit to the Bankruptcy Estate of negotiating and entering into such a settlement simultaneously with the Noteholder Plaintiff Class entering into the Noteholder D&O Settlement. In addition to the Trustee Settlement Proceeds of $16,597,500.00 under the Trustee D&O Settlement Agreement, the Noteholder D&O Settlement will provide another $16,597,500.00 in cash to pay creditors who are members of the class that bought or rolled over notes during the class period of January 18, 2002 and January 20, 2005. The claims of Noteholders represent at least 75% of the dollar amount of the claims filed in the ABFS Bankruptcy Proceeding. The Trustee and his professionals believe that as a result of the cooperative effort between the Trustee and the Noteholder Plaintiff Class in reaching the Trustee D&O Settlement and the Noteholder D&O Settlement that substantially all insurance proceeds available to the ABFS Defendants are being recovered in the settlements.

20. The Trustee in the exercise of his business judgment also has determined that the Trustee D&O Settlement is in the best interest of the Bankruptcy Estate and creditors because the Trustee Settlement Proceeds represent a substantial recovery and a high percentage of the assets believed to be available for payment of the Trustee's D&O Claims asserted in the State Court Litigations against the ABFS Defendants, considering insurance proceeds and the assets of the ABFS Defendants.

21. The Trustee also believes that the Trustee D&O Settlement Agreement is in the best interest of the Bankruptcy Estate because it serves to level the litigation battlefield for the Bankruptcy Estate by providing much needed funds to cover the costs of administering the Bankruptcy Estate including but not limited to the cost of continued litigation against non-settling defendants.

22. The Trustee respectfully submits that all of the foregoing factors reflect that the Trustee D&O Settlement Agreement is a fair and equitable settlement which meets or exceeds the required range of reasonableness and should be approved by this Bankruptcy Court as being in the best interest of the Bankruptcy Estate and the Debtors' creditors.

## NOTICE

23. Notice of this Motion has been given to: (a) Counsel to the Debtor, (b) the United States Trustee, (c) Counsel to Wells Fargo Bank N.A. as Indenture Trustee, (d) Counsel to Law Debenture Trust Company of New York as Indenture Trustee, (e) Counsel to Greenwich Capital Financial Products, Inc., (f) counsel to the ABFS Defendants, (g) Lead Counsel to the Noteholder Plaintiff Class, (h) counsel to BDO, (i) counsel to Blank Rome, (j) counsel to the

Financial Institution Defendants, (k) Debtors' twenty largest unsecured creditors, and (l) all parties in interest having requested notice to date pursuant to Rule 2002 (the "Service Parties"). In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

24.     Pursuant to Local District Court Rule 7.1.2(a), incorporated by reference into the Local Rules of the Bankruptcy Court, and because there are no novel issues of law presented in this Motion, the Trustee waives his right to file a brief in support of this Motion and the legal argument contained herein shall be considered in lieu of the opening brief.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order in the form attached hereto approving the Trustee D&O Settlement Agreement (Exhibit "A"), authorizing the Trustee to take any and all actions necessary or appropriate to implement the terms and provisions of the Trustee D&O Settlement Agreement, including but not limited to performing under the Noteholder Class Cooperation Agreement (Exhibit "B"), and providing that the Bankruptcy Court retain jurisdiction to enforce the Trustee D&O Settlement Agreement.

Date: September 15, 2008
Wilmington, DE

**COZEN O'CONNOR**

By: /s/ John T. Carroll, III
John T. Carroll, III (DE No. 4060)
1201 North Market Street
Suite 1400
Wilmington, DE 19801
302-295-2028
302-295-2013 Fax No.

**KAUFMAN COREN & RESS, P.C.**
Steven M. Coren (*Pro Hac Vice*)
John W. Morris (*Pro Hac Vice*)
David Dormont (*Pro Hac Vice*)
1717 Arch Street, Suite 3710
Philadelphia, PA 19103
215-735-8700
215-735-5170 Fax No.

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
Deirdre M. Richards (DE No. 4191)
Joseph P. Dougher (*Pro Hac Vice*)
Lawrence T. Tabas (*Pro Hac Vice*)
3 Mill Road, Suite 306 A
Wilmington, DE 19806
302-465-8154
302-658-8051 Fax

**Counsel for the Chapter 7 Trustee, George L. Miller**

18