# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| AMERICAN BUSINESS FINANCIAL SERVICES, INC. *et al.,* | : : | Case No. 05-10203 (MFW) (Jointly Administered) |
| Debtors.[1] | : | Objection Date: August 19, 2009 at 4:00 p.m. |
| | : | Hearing Date: August 26, 2009 at 2:00 p.m. |

## MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. PRO. 9019(a) SEEKING APPROVAL OF STIPULATION APPROVING THE TURNOVER TO THE TRUSTEE OF FUNDS HELD BY WACHOVIA SECURITIES

George L. Miller, the Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of the debtor American Business Financial Services, Inc. *et al* (the "Debtor"), files this motion (the "Motion") pursuant to 11 U.S.C. §105(a) and Fed. R. Bank. Pro. 9019(a) (the "Bankruptcy Rules") seeking an order approving a Stipulation (the "Settlement Stipulation"), a copy of which is attached hereto, incorporated herein and marked as Exhibit "A", between the Trustee and Wachovia Securities ("Wachovia"), (Trustee and Wachovia are collectively referred to herein as the "Parties"), approving the turnover to the Trustee of funds held by Wachovia and in support of the Motion, the Trustee avers the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The

---

[1] American Business Financial Services, Inc, Case No. 05-10203, Tiger Relocation Company, Case No. 05-10204, American Business Credit, Inc., Case No. 05-10206, Home American Credit, Inc., Case No. 05-10207, American Business Mortgage Services, Inc., Case No. 05-10208 and ABFS Consolidated Holdings, Inc., Case No. 05-10217 (collectively, the "Debtors").

Trustee has standing to request the relief stated in the Motion. The statutory predicates for the relief sought herein are Section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

## BACKGROUND

2. On either of January 21, or January 24, 2005 (the "Petition Dates") the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

3. The Debtors' bankruptcy cases are being jointly administered under Case No. 05-10203 (the "Bankruptcy Cases").

4. On or about May 17, 2005, the Court entered an order converting the Bankruptcy Cases from cases under Chapter 11 to cases under Chapter 7 of the Bankruptcy Code.

5. On May 17, 2005, the Office of the United States Trustee appointed George L. Miller to serve as Chapter 7 Trustee, and the Trustee continues to serve in such capacity.

6. The Debtors were a financial services organization with operations throughout the United States. The Debtors had three principal and related lines of business: (a) the origination of home equity and purchase money mortgage loans through direct marketing efforts and through a network of mortgage brokers; (b) the sale of loans in the secondary mortgage loan markets; and (c) the servicing of owned and securitized loans.

7. Prior to filing its bankruptcy petitions, Debtors primarily originated, sold and serviced home equity and business purpose loans.

8. Prior to the commencement of the Bankruptcy Cases, Wachovia provided mortgage servicing services for the Debtors pursuant to various Interim Servicing Agreement dated August 31, 2004 (the "Servicing Agreements"), including maintaining accounts for the receipt of payments by borrowers.

9. As of the commencement of the cases, pursuant to the Servicing Agreements Wachovia serviced, among others, two loans for the two borrowers (the "Borrowers") identified as follows:

>Loan No: 322600347
>Borrower: Gustazo Vasquez
>4005 Robin Circle
>Union City GA 30349
>
>Loan No.: 322603622
>Borrower: Connell McCain
>3848 Mulkey Circle S
>Marietta GA 30008

(the "Loans").

10. As of the date hereof, Loan No. 322603622 was the subject of a foreclosure proceeding and sale and Wachovia no longer continues to service such loan.

11. As of the date of the Settlement Stipulation, Loan No: 322600347 was the subject of a foreclosure proceeding and sale and Wachovia no longer continues to service such loan. The proceeds of the sale are expected to be $47,251.34 and the balance of the loan written off.

12. As of the date of the Settlement Stipulation, the balance in accounts maintained at Wachovia for the benefit of the Debtors pursuant to the Servicing Agreements attributable to various loans serviced for the Debtors is $365,474.26 (the "Funds").

13. Wachovia represents that the Funds held by Wachovia represent the full balance of monies currently held by Wachovia on account of the Servicing Agreements, net of expenses and charges regularly charged pursuant to the Servicing Agreements, but before deducting the legal expenses of Wachovia identified below.

14. There are no further loans being administered or funds collected by Wachovia for the Debtors.

15. The Parties have agreed that the Servicing Agreements, between the Debtors and Wachovia shall be terminated pursuant to the Settlement Stipulation and that Wachovia shall turn over the Funds, less legal expenses in the amount of $7,500.00 incurred by Wachovia in connection with the Servicing Agreements and Settlement Stipulation, to the Trustee.

## RELIEF REQUESTED

16. By this Motion, the Trustee seeks an order of this Court approving the Settlement Stipulation with Wachovia (Exhibit "A").

## THE SETTLEMENT

17. The complete terms and conditions of the Settlement Stipulation are more fully set forth in the Settlement Stipulation (Exhibit "A") and should be referred to in their entirety. Salient provisions of the Settlement Stipulation include *inter alia* the following:

> (a) Upon approval of the Settlement Stipulation by the Bankruptcy Court, the Servicing Agreements between Wachovia and any of the Debtors, shall be deemed terminated and Wachovia shall have no further obligations to the Debtors or any borrowers in connection with the Servicing Agreements;

(b) Upon approval of the Settlement Stipulation by the Bankruptcy Court, Wachovia shall be authorized to the pay the sum of $7,500.00 to its counsel as expenses incurred under the Servicing Agreements; and shall wire transfer to the Trustee (as instructed by the Trustee) the balance of the Funds; and

(c) Upon approval of the Settlement Stipulation by the Bankruptcy Court, Wachovia has delivered to the Trustee all documents in its possession which relate to the Loans, including any mortgages and notes, and shall cooperate with the Trustee in delivering such additional documents as may be reasonably requested by the Trustee.

(d) The Parties mutually release and discharge the other and their respective predecessors, successors, heirs, executors, administrators and assigns and their respective employees, directors, officers and attorneys, from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law or equity, known or unknown which any releasing party or its predecessors, successors, heirs, executors, administrators and assigns, ever had, now has or hereafter can, shall or may have from the beginning of the world to the date of the Settlement Stipulation for, upon, or by reason of any services rendered to or for the benefit of the Debtors by Wachovia with respect to the Servicing Agreements. Provided, however, that this provision shall not relieve the Parties of their respective obligations under the Settlement Stipulation.

(e) In addition, the Debtors' estates shall indemnify and hold harmless Wachovia for any claims which refer or relate to the Loans serviced under the Servicing Agreements and the delivery of the Funds to the Trustee pursuant to the Settlement Stipulation.

(f) In the event that Wachovia shall receive any funds in connection with the Loans following the approval of the Settlement Stipulation, Wachovia shall promptly remit such funds to the Trustee and notify the borrower to contact the Trustee with respect to any future payments.

## BASIS FOR RELIEF REQUESTED

18. This Court has the authority to grant the relief requested in this Motion pursuant to Bankruptcy Code Section 105 and Rule 9019(a) of the Bankruptcy Rules. Bankruptcy Code Section 105(a) provides that "[t]he court may issue any order. . .that is necessary or appropriate to carry out the provisions of this title." Rule 9019 of the Bankruptcy Rules grants the Court authority to approve settlements of claims and controversies after notice and a hearing.[2] Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" Myers v. Martin (In re Martin), 91 F. 3d 389, 393 (3d Cir. 1996) (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993). In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997).

19. Before approving a settlement under Rule 9019(a) of the Bankruptcy Rules, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (*quoting* Louise's, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. Martin, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

---

[2] Rule 9019(a) of the Bankruptcy Rules provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

(a) The probability of success in the litigation;

(b) The complexity, expense and likely duration of the litigation;

(c) The possibilities of collecting on any judgment which might be obtained;

(d) All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

(e) Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425 (1968). See also Martin, 91 F.3d at 393. Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 425. The TMT rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, but rather the Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.), *quoting* In re Drexel Lambert Group, Inc., 134 B.R. 493 (Bankr. S.D.N.Y. 1991). See also, Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 822 (1983).

20. Wachovia has represented that the Funds in the amount of $365,474.26 represent the full balance of monies currently held by Wachovia on account of the Servicing Agreements and has agreed to turn over any additional monies received in the future in connection with the Loans. Accordingly, the Trustee believes that the Settlement Stipulation reflects a fair and

equitable settlement of the dispute between the Parties, and the settlement should be approved by the Court as it is in the best interests of the Estate and the Debtors' creditors.

## NOTICE

21. Notice of this Motion has been given to: (i) the United States Trustee, (ii) counsel to Wachovia (iii) Greenwich Capital Financial Products, Inc., (iv) Wells Fargo Bank N.A., as Successor Trustee to U.S. Bank, N.A., (v) Law Debenture Trust Company of New York as Successor Trustee to U.S. Bank, N.A., (vi) the Debtors' twenty largest unsecured creditors, and (vii) all parties in interest having requested notice pursuant to Rule 2002 of the Bankruptcy Rules as of the date hereof. In light of the nature of the relief requested herein, the Trustee respectfully submits that no other or further notice need be given.

22. Pursuant to Local District Court Rule 7.1.2(a), incorporated by reference into the Local Rules of the Bankruptcy Court, and because there are no novel issues of law presented in this Motion, the Trustee waives his right to file a brief in support of this Motion and the legal argument contained herein shall be considered in lieu of the opening brief.

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the Settlement Stipulation and authorizing the Trustee to take any and all actions necessary or appropriate to effectuate same.

Date: July 10, 2009

By:

COZEN O'CONNOR

/s/ John T. Carroll, III
John T. Carroll, III (DE No. 4060)
1201 North Market Street
Suite 1400
Wilmington, DE 19801
302-295-2028
302-295-2013 Fax No.

Counsel for the Chapter 7 Trustee,
George L. Miller