**Fill in this Information to identify the case:**

Debtor 1: American Business Financial Services, Inc. et al
First Name Middle Name Last Name

Debtor 2 (Spouse, if filing):
First Name Middle Name Last Name

United States Bankruptcy Court for the: District of Delaware

Case Number: 05-10203 (MFW)

**Form 1340 (12/19)**

## APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

### 1. Claim Information

For the benefit of the Claimant(s)[1] named below, application is made for the payment of unclaimed funds on deposit with the court. I have no knowledge that any other party may be entitled to these funds, and I am not aware of any dispute regarding these funds.

Note: If there are joint Claimants, complete the fields below for both Claimants.

| | |
|---|---|
| Amount: | $7,787.57 |
| Claimant's Name: | Oak Point Partners, LLC, successor in interest to Atlantic Envelope Company, et al. |
| Claimant's Current Mailing Address, Telephone Number, and Email Address: | c/o Dilks & Knopik, LLC<br>35308 SE Center St<br>Snoqualmie, WA 98065<br>(425) 836-5728<br>admin@dilksknopik.com |

### 2. Applicant Information

Applicant[2] represents that Claimant is entitled to receive the unclaimed funds because (*check the statements that apply*):

☐ Applicant is the Claimant and is the Owner of Record[3] entitled to the unclaimed funds appearing on the records of the court.

☐ Applicant is the Claimant and is entitled to the unclaimed funds by assignment, purchase, merger, acquisition, succession or by other means.

☒ Applicant is Claimant's representative (*e.g.,* attorney or unclaimed funds locator).

☐ Applicant is a representative of the deceased Claimant's estate.

### 3. Supporting Documentation

☒ Applicant has read the court's instructions for filing an Application for Unclaimed Funds and is providing the required supporting documentation with this application.

---

[1] The Claimant is the party entitled to the unclaimed funds.
[2] The Applicant is the party filing the application. The Applicant and Claimant may be the same.
[3] The Owner of Record is the original payee.

**4. Notice to United States Attorney**

☒ Applicant has sent a copy of this application and supporting documentation to the United States Attorney, pursuant to 28 U.S.C. § 2042, at the following address:

Office of the United States Attorney
District of Delaware
*1313 N. Market Street*
*Wilmington, DE 19801*

**5. Applicant Declaration**
Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: February 8, 2023

Signature of Applicant
Andrew T. Drake – Vice President
Dilks & Knopik, LLC

35308 SE Center Street
Snoqualmie, WA 98065
428-836-5728 x123
admin@dilksknopik.com

**5. Co-Applicant Declaration (if applicable)**
Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: ______________________

______________________
Signature of Co-Applicant (if applicable)

______________________
Printed Name of Co-Applicant (if applicable)

Address:

Telephone: ______________________

Email: ______________________

**6. Notarization**
STATE OF WASHINGTON

COUNTY OF KING

This Application for Unclaimed Funds, dated February 8, 2023 was subscribed and sworn to before me this 8th day of February, 20 23 by Andrew T. Drake who signed above and is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument. WITNESS my hand and official seal.

(SEAL) Notary Public: Matthew Zettley

My commission expires: February 19, 2026

MATTHEW ZETTLEY
NOTARY PUBLIC #197679
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 19, 2026

**6. Notarization**
STATE OF ______________________

COUNTY OF ______________________

This Application for Unclaimed Funds, dated __________ was subscribed and sworn to before me this______day of__________________, 20______by

______________________
who signed above and is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument. WITNESS my hand and official seal.

(SEAL) Notary Public______________________

My commission expires:

**CERTIFICATE OF SERVICE**

In accordance with 28 U.S.C. § 2042, the undersigned hereby certifies that on the date designated below, a true and correct copy of the foregoing application with all required documentation was mailed to:

United States Attorney for District of Delaware
1313 N. Market Street
Wilmington, DE 19801

Names and addresses of all other parties served:

American Business Financial Services, Inc. et al
Debtor
100 Penn Square East
Philadelphia, PA 19107

Elio Battista, Jr.
Debtors Attorney
1201 Market Street Suite 800
Wilmington, DE 19801

George L. Miller
Trustee
1628 John F. Kennedy Blvd. Suite 950
Philadelphia, PA 19103-2110

Atlantic Envelope Company
Original Claimant
303 Eagleview Blvd.
Exton, PA 19341-1156

Oak Point Partners, LLC
Assignee
5215 Old Orchard Road,
Suite 1000
Skokie, IL 60077

US Trustee
844 King Street
Suite 2207
Wilmington, DE 19801

Date: February 8, 2023

Andrew T. Drake - Vice President
Dilks & Knopik, LLC
35308 SE Center Street
Snoqualmie, WA 98065

**Explanation of Supporting Documentation**
**for**
**Application for Payment of Unclaimed Funds**

The claimant did not receive the dividend check in the above case for the following reason:

Dividends were not collected by the creditor, Atlantic Envelope Company.

In 2006, Atlantic Envelope Company was sold to National Envelope Corporation and became a wholly owned trademark of National Envelope Corporation (Exhibit A).

On 06/10/2010, National Envelope Corporation filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, case number 10-11891 (Exhibit B).

On 06/11/2010, the Bankruptcy Court approved the joint administration for National Envelope Corporation under the lead case NEC Holdings Corp case # 10-11890 (Exhibit C).

On 12/13/2011, the case was converted into a Chapter 7 Bankruptcy (Exhibit D).

On 04/9/21, Alfred T. Giuliano, in his capacity as Chapter 7 Trustee of the NEC Holdings Corp, Et AL., et al Bankruptcy sold specific assets to include remnant assets, unknown assets or claims and to also include unclaimed property owed to the Bankruptcy Estate to Oak Point Partners, LLC (Exhibit E).

On 04/29/21, the Bankruptcy Court approved the sale of the assets of the Debtor's Bankruptcy Estate to Oak Point Partners, LLC (Exhibit F).

Date: February 8, 2023

Andrew T. Drake - Vice President
Dilks & Knopik, LLC
35308 SE Center Street
Snoqualmie, WA 98065

**Fill in this Information to identify the case:**

| | |
|---|---|
| Debtor 1 | **American Business Financial Services, Inc. et al** |
| | First Name Middle Name Last Name |
| Debtor 2 (Spouse, if filing) | |
| | First Name Middle Name Last Name |
| United States Bankruptcy Court for the: | District of Delaware |
| Case Number: | 05-10203 (MFW) |

NOTICE OF HEARING

Oak Point Partners, LLC, successor in interest to Atlantic Envelope Company, creditor has filed a motion for Release of Unclaimed Funds.

A hearing regarding this motion is scheduled for 3/8/2023 at 2:00 PM:

United States Bankruptcy Court
824 Market Street, 5th Floor, Courtroom #4
Wilmington, DE 19801

Objections are due on or before 3/1/2023

February 8, 2023

Andrew T. Drake - Vice President
Dilks & Knopik, LLC
35308 SE Center Street
Snoqualmie, WA 98065



**CERTIFICATE OF LLC RESOLUTION**

The undersigned Members of Dilks & Knopik, LLC, an LLC, duly organized under the laws of Washington (hereinafter "The LLC"), hereby certify that the following resolutions were duly adopted by said Members of The LLC on June 7th, 2002 and that such resolutions have not been modified or rescinded as of the date hereof:

RESOLVED, that Brian J Dilks, Caryn M Dilks f/k/a Caryn M Knopik, Andrew T. Drake and Jeffrey Hudspeth, is hereby authorized and directed for and on behalf of The LLC to execute all legal documents as approved by him/her as being in the best interests of The LLC; and to take any and all further actions which may be necessary or appropriate to commence and complete said construction in such a manner as being, in his/her opinion, in the best interests of the LLC.

RESOLVED, that this action may be executed in counterparts and by facsimile signatures, each of which shall be deemed an original and all of which together shall constitute one action.

IN WITNESS WHEREOF, the undersigned has executed this instrument as of this 5th day of January, 2022

Brian J Dilks – Member

Date: 1/5/22

Subscribed and sworn to me this 1/5/2022

Notary Signature

My Commission Expires: 6/19/2025

RYAN L BELL NOTARY PUBLIC 166426 COMMISSION EXPIRES 6-19-25 STATE OF WASHINGTON

Caryn M Dilks f/k/a Caryn M Knopik – Member

Date: 1/5/2022

DILKS & KNOPIK LLC LIMITED LIABILITY COMPANY WASHINGTON 2002

Subscribed and sworn to me this 1/5/2022

Notary Signature

My Commission Expires: 6/19/2025

RYAN L BELL NOTARY PUBLIC 166426 COMMISSION EXPIRES 6-19-25 STATE OF WASHINGTON



WASHINGTON
Secretary of State
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 01/05/2022
Effective Date: 01/05/2022
UBI #: 602 211 447

# Annual Report

## BUSINESS INFORMATION

Business Name:
**DILKS & KNOPIK, LLC**

UBI Number:
**602 211 447**

Business Type:
**WA LIMITED LIABILITY COMPANY**

Business Status:
**ACTIVE**

Principal Office Street Address:
**35308 SE CENTER ST, SNOQUALMIE, WA, 98065-9216, UNITED STATES**

Principal Office Mailing Address:

Expiration Date:
**06/30/2023**

Jurisdiction:
**UNITED STATES, WASHINGTON**

Formation/Registration Date:
**06/07/2002**

Period of Duration:
**PERPETUAL**

Inactive Date:

Nature of Business:
**OTHER SERVICES, ANY LAWFUL PURPOSE**

## REGISTERED AGENT RCW 23.95.410

| Registered Agent Name | Street Address | Mailing Address |
|---|---|---|
| BRIAN DILKS | 28431 SE PRESTON WAY, ISSAQUAH, WA, 98027-0000, UNITED STATES | 28431 SE PRESTON WAY, ISSAQUAH, WA, 98027-0000, UNITED STATES |

## PRINCIPAL OFFICE

Phone:
**4258365728**

Email:
**DK@DKLLC.COM**

This document is a public record. For more information visit www.sos.wa.gov/corps

**Work Order #: 2022010500010893 - 1**
**Received Date: 01/05/2022**
**Amount Received: $60.00**

Street Address:
**35308 SE CENTER ST, SNOQUALMIE, WA, 98065-9216, USA**

Mailing Address:

## GOVERNORS

| Title | Type | Entity Name | First Name | Last Name |
|---|---|---|---|---|
| GOVERNOR | INDIVIDUAL | | BRIAN | DILKS |
| GOVERNOR | INDIVIDUAL | | CARYN | DILKS |

## NATURE OF BUSINESS

- OTHER SERVICES
- ANY LAWFUL PURPOSE

## EFFECTIVE DATE

Effective Date:
**01/05/2022**

## CONTROLLING INTEREST

1. Does this entity own (hold title) real property in Washington, such as land or buildings, including leasehold improvements?
**NO**

2. In the **past 12 months**, has there been a transfer of at least 16-2/3 percent of the ownership, stock, or other financial interest in the entity?
**NO**

a. If "Yes", in the **past 36 months**, has there been a transfer of controlling interest (50 percent or greater) of the ownership, stock, or other financial interest in the entity?
**NO**

3. If you answered "Yes" to question 2a, has a controlling interest transfer return been filed with the Department of Revenue?
**NO**

You **must** submit a Controlling Interest Transfer Return form if you answered "yes" to questions 1 **and** 2a.

Failure to report a Controlling Interest Transfer is subject to penalty provisions of RCW 82.45.220.

For more information on **Controlling Interest**, visit www.dor.wa.gov/REET.

## RETURN ADDRESS FOR THIS FILING

Attention:
Email:
Address:

## UPLOAD ADDITIONAL DOCUMENTS

Do you have additional documents to upload? **No**

## EMAIL OPT-IN

☐ By checking this box, I hereby opt into receiving all notifications from the Secretary of State for this entity via email only. I

acknowledge that I will no longer receive paper notifications.

## AUTHORIZED PERSON

☑ I am an authorized person.

Person Type:
**INDIVIDUAL**

First Name:
**BRIAN**

Last Name:
**DILKS**

Title:
**MEMBER**

☑ This document is hereby executed under penalty of law and is to the best of my knowledge, true and correct.

This document is a public record. For more information visit www.sos.wa.gov/corps

**Work Order #: 2022010500010893 - 1**
**Received Date: 01/05/2022**
**Amount Received: $60.00**

*When Success Matters*

**Brian Dilks**
Member

35308 SE Center Street
Snoqualmie, WA 98065
Ph. 877-836-5728 x 101
Fx. 877-209-8249
brian.dilks@dilksknopik.com

www.dilksknopik.com

WA USA WASHINGTON ENHANCED DRIVER LICENSE
4d LIC#
9 CLASS DONOR
1 DILKS
2 BRIAN JACOB
3 DOB
4a ISS
15 SEX M
16 HGT 5'-07"
12 RESTRICTIONS NONE
18 EYES BLU
17 WGT 150 lb
9a END NONE
4b EXP
5 DD
REV 01/06/2015

*When Success Matters*

**Caryn Knopik**
Member

35308 SE Center Street
Snoqualmie, WA 98065
Ph. 877-836-5728 x 102
Fx. 877-209-8249
caryn.knopik@dilksknopik.com

www.dilksknopik.com

Dilks & Knopik

*When Success Matters*

**Jeff Hudspeth**
Vice President - Accounts

35308 SE Center Street
Snoqualmie, WA 98065
Ph. 877-836-5728 x 104
Fx. 877-209-8249
jeff.hudspeth@dilksknopik.com

www.dilksknopik.com

Dilks & Knopik

*When Success Matters*

**Andrew Drake**
Vice President - Operations

35308 SE Center Street
Snoqualmie, WA 98065
Ph. 877-836-5728 x 123
Fx. 877-209-8249
andrew.drake@dilksknopik.com
www.dilksknopik.com

BBB accredited since 2003







UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RE: American Business Financial Services, Inc. et al | ) | Case: 05-10203 (MFW) |
| Debtor(s) | ) | **AUTHORITY TO ACT**<br>**Limited Power of Attorney**<br>**LIMITED TO ONE TRANSACTION** |

**USED ONLY TO COLLECT FUNDS FROM THE ABOVE REFERENCED CASE**

1. **Oak Point Partners, LLC** with a tax identification number of **30-0008093** ("CLIENT"), appoints **Dilks & Knopik, LLC** ("D&K"), as its lawful attorney in fact for the limited purpose of recovering, receiving and obtaining information pertaining to the outstanding tender of funds in the amount of **$7,787.57** (the "FUNDS"), including the right to collect on CLIENT's behalf any such funds that are held by a governmental agency or authority.

2. CLIENT grants to D&K the authority to do all things legally permissible and reasonably necessary to recover or obtain the FUNDS held by the governmental agency or authority. This limited authority includes the right to receive all communications from the governmental agency or authority and to deposit checks payable to CLIENT for distribution of the FUNDS to CLIENT, less the fee payable to D&K pursuant to and in accordance with its agreement with CLIENT.

3. D&K may not make any expenditure or incur any costs or fees on behalf of CLIENT without CLIENT's prior written consent.

4. This Authority to Act shall become effective on the below signed date and shall expire upon collection of the aforementioned FUNDS. I authorize the use of a photocopy of this Limited Power of Attorney in lieu of the original.

Kevin Clemons
Vice President

1/16/23
Date

**ACKNOWLEDGMENT**

STATE OF ILLINOIS) COUNTY OF COOK)

On this 16th day of JANUARY, 2023, before me, the undersigned Notary Public in and for the said County and State, personally appeared (name) Kevin Clemons known to me to be the person described in and who executed the foregoing instrument, and who acknowledged to me that (circle one) he/she did so freely and voluntarily and for the uses and purposes therein mentioned.

WITNESS my hand and official seal.

NOTARY PUBLIC DM Bender
Notary

My Commission expires 11/25/2023

Official Seal
D M Bender
Notary Public State of Illinois
My Commission Expires 11/25/2023





**Kevin Clemons**
Vice President

5215 Old Orchard Rd.
Suite 965
Skokie, IL 60077

Office: (847) 481-2496

kevin@oakpointpartners.com



**P.O. BOX 1033 ♦ Northbrook, IL 60065-1033**

***Affidavit***

**Re: Unclaimed Property owed to Oak Point Partners, LLC**

The undersigned, Eric Linn, President at Oak Point Partners, LLC, hereby certifies that:

1. Kevin Clemons is Vice President of Operations at Oak Point Partners, LLC, and
2. Kevin Clemons has all applicable rights therein to claim property belonging to, and on behalf of, Oak Point Partners, LLC

Sincerely,

Eric Linn
President
Oak Point Partners, LLC

Subscribed and Sworn Before Me This

5th DAY OF FEB., 2020

NOTARY PUBLIC

COMMISSION EXPIRES 1/25/2023

Official Seal
D M Bender
Notary Public State of Illinois
My Commission Expires 01/25/2023

M&A DEAL SUMMARY

## National Envelope Acquires Atlantic Envelope

On April 7, 2006, National Envelope acquired manufacturer Atlantic Envelope from Kelly Capital

**Acquisition Highlights**

- This is National Envelope's 1st transaction in the Manufacturing sector.
- This is National Envelope's 1st transaction in the United States.
- This is National Envelope's 1st transaction in New Jersey.

**M&A DEAL SUMMARY**

| | |
|---|---|
| Date | 2006-04-07 |
| Target | Atlantic Envelope |
| Sector | Manufacturing |
| Buyer(s) | National Envelope |
| Sellers(s) | Kelly Capital |
| Deal Type | Add-on Acquisition |

### TARGET

### BUYER(S)

1

**Buyer**

**National Envelope**

Frisco, Texas, United States

| | |
|---|---|
| CATEGORY | Company |
| FOUNDED | 1952 |
| SECTOR | Business Services |

**DESCRIPTION**

National Envelope was founded in 1952 and is the largest envelope producer in the United States. Based in Frisco, Texas, National Envelope is an official envelope converter for every major North American paper mill in the $3.7 billion North American envelope industry, generating revenues of approximately $600 million.

| DEAL STATS | # |
|---|---|
| Overall | 1 of 1 |
| Sector (Manufacturing) | 1 of 1 |
| Type (Add-on Acquisition) | 1 of 1 |
| State (New Jersey) | 1 of 1 |
| Country (United States) | 1 of 1 |
| Year (2006) | 1 of 1 |

EXHIBIT
A

## Atlantic Envelope

Fairfield, New Jersey, United States

**Established in 1893, Atlantic Envelope (AECO) is one of the nation's largest custom envelope manufacturers, designing and creating over 10 billion custom printed envelopes for over 3,500 corporate clients per year. With seven state-of-the-art facilities located nationwide and "best in class" equipment, AECO provides unique envelopes for clients like Federal Express, Bank of America, Netflix, and CapitalOne. AECO was sold to National Envelope.**

## SELLER(S)

1

| SELLER | DESCRIPTION |
|---|---|
| **Kelly Capital**<br>San Diego, California, United States | Kelly Capital is a private investment firm that targets public/private company investments, real estate acquisitions, and debt investments. For public/private company investments, Kelly looks to acquire controlling interests in 'healthy or distressed' businesses in a variety of industries. Kelly prefers US-based businesses and will consider transactions up to $300 million in value. Kelly Capital has offices in San Diego and Dallas. |

| | |
|---|---|
| CATEGORY | Private Equity Firm |
| FOUNDED | 1993 |
| SIZE | Small |
| TYPE | Sector Agnostic |

| DEAL STATS | # |
|---|---|
| Overall | 1 of 3 |
| Sector (Manufacturing) | 1 of 1 |
| Type (Add-on Acquisition) | 1 of 2 |
| State (New Jersey) | 1 of 1 |
| Country (United States) | 1 of 3 |
| Year (2006) | 1 of 2 |

FOLLOWING DEAL

| DATE | TARGET |
|---|---|
| 2006-09-06 | **National Linen & Uniform Serv**<br>Doraville, Georgia, United Sta<br>National Linen & Uniform Service (NLUS) was the leading linen rental company in the Southeast United States, serving top hotels, restaura |

Search **177,539** Deals Now

SEARCH BY

- Buyer Type (PE or Strategic)
- Deal Size ($10M to $10B+)
- Sector (60 Sectors)
- Deal Type
- Geography
- & More

7-Day Free Trial



**United States Bankruptcy Court**
**District of Delaware**

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): **NATIONAL ENVELOPE CORPORATION**, a New York corporation | Name of Joint Debtor (Spouse) (Last, First, Middle): NOT APPLICABLE |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): 11-1725935 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): 333 Earle Ovington Blvd., Ste. 1035 Uniondale, New York ZIP CODE 11553 | Street Address of Joint Debtor (No. and Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: Nassau | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): 3211 Internet Blvd., Ste. 200 Frisco, Texas ZIP CODE 75034 | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above). | ZIP CODE |

**Type of Debtor**
(Form of Organization)
(Check one box)

- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state the type of entity below.)

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Tax-Exempt Entity**
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily Debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 13 Debtors**

**Check one box:**

- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D)
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D)

**Check if:**

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

**Check all applicable boxes**

- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. a small business debtor as defined in 11 U.S.C. § 1126(b)

**Statistical/Administrative Information**

- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

Estimated Number of Creditors on a Consolidated Basis

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets on a Consolidated Basis

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 Million | $500,000,001 to $1 billion | More than $1 Billion |

Estimated Liabilities on a Consolidated Basis

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 Million | $500,000,001 to $1 billion | More than $1 billion |

EXHIBIT
B

**Voluntary Petition**
*(This page must be completed and filed in every case.)*

Name of Debtor(s):
NATIONAL ENVELOPE CORPORATION, a New York corporation

**Signatures**

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ______________________
Signature of Debtor

X ______________________
Signature of Joint Debtor

______________________
Telephone Number (if not represented by attorney)

______________________
Date

**Signature of Attorney***

X ______________________
Signature of Attorney for Debtor(s)

Michael R. Nestor (No. 3526)
YOUNG CONAWAY STARGATT & TAYLOR LLP
1100 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mnestor@ycst.com
and
David S. Heller
Josef S. Athanas
Stephen R. Tetro II
LATHAM & WATKINS LLP
233 S. Wacker Drive, Suite 5800
Chicago, IL 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
E-mail: stephen.tetro@lw.com

Date June 10, 2010

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ______________________
Signature of Authorized Individual
James Shelby Marlow

Date: June 10, 2010

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X ______________________
(Signature of Representative)

X ______________________
(Printed Name of Foreign Representative)

______________________
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

______________________
Printed Name and title, if any, of Bankruptcy Preparer

______________________
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

______________________
Address

______________________

X ______________________

______________________
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>NEC HOLDINGS CORP.,<br>Debtor.<br><br>Tax I.D. No. 51-0356395 | Case No. 10-11890<br><br>Chapter 11 |
| In re:<br>NATIONAL ENVELOPE CORPORATION,<br>Debtor.<br><br>Tax I.D. No. 11-1725935 | Case No. 10-11891<br><br>Chapter 11 |
| In re:<br>NATIONAL ENVELOPE – WH LLC,<br>Debtor.<br><br>Tax I.D. No. 11-3569721 | Case No. 10-11892<br><br>Chapter 11 |
| In re:<br>NATIONAL ENVELOPE – AECO LLC,<br>Debtor.<br><br>Tax I.D. No. 20-4569071 | Case No. 10-11893<br><br>Chapter 11 |
| In re:<br>NATIONAL ENVELOPE – CITY OF INDUSTRY LLC,<br>Debtor.<br><br>Tax I.D. No. 11-3569710 | Case No. 10-11894<br><br>Chapter 11 |
| In re:<br>NATIONAL ENVELOPE – CORSICANA LLC,<br>Debtor.<br>Tax I.D. No. 11-3569716 | Case No. 10-11895<br><br>Chapter 11 |

| | |
|---|---|
| In re:<br>NATIONAL ENVELOPE CORPORATION - SOUTH,<br>Debtor.<br><br>Tax I.D. No. 58-2385404 | Case No. 10-11914<br><br>Chapter 11 |
| In re:<br>NATIONAL ENVELOPE CORPORATION - CENTRAL,<br>Debtor.<br><br>Tax I.D. No. 36-4218259 | Case No. 10-11915<br><br>Chapter 11 |
| In re:<br>OLD COLONY ENVELOPE CORP.,<br>Debtor.<br><br>Tax I.D. No. 41-1944416 | Case No. 10-11916<br><br>Chapter 11 |
| In re:<br>ARISTOCRAT ENVELOPE CORPORATION,<br>Debtor.<br><br>Tax I.D. No. 74-3039284 | Case No. 10-11917<br><br>Chapter 11<br><br>**Docket Ref. No. 4** |

**ORDER DIRECTING JOINT ADMINISTRATION OF DEBTORS' RELATED CHAPTER 11 CASES**

("Joint Administration Order")

Upon consideration of the motion (the "**Motion**")[1] of the Debtors for entry of an order authorizing the procedural consolidation and joint administration of these Chapter 11 Cases; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

EXHIBIT
C

pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, with no objections or requests for hearing having been filed, or all objections having been overruled, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. ✓ The Motion is granted.

2. The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court.

3. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' Chapter 11 Cases.

4. The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEC HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-11890 (PJW)<br><br>Jointly Administered |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: NEC Holdings Corp., a Delaware corporation (6395); National Envelope Corporation, a New York corporation (5935); National Envelope – WH LLC, a New York limited liability company (9721); National Envelope – AECO LLC, a Delaware limited liability company (9071); National Envelope – Chino LLC, a California limited liability company (9266); National Envelope – City of Industry, LLC, a California limited liability company (9710); National Envelope – Ennis LLC, a Delaware limited liability company (3868); National Envelope – Corsicana LLC, a Texas limited liability corporation (9716); National Envelope – Grand Prairie LLC, a Texas limited liability company (9258); National Envelope – Aurora LLC, a Colorado limited liability company (9712); National Envelope – Lenexa LLC, a Kansas limited liability company (9256); National Envelope – Appleton LLC, a Wisconsin limited liability company (9719); National Envelope – Elk Grove Village LLC, an Illinois limited liability company (9262); National Envelope – Scottdale LLC, a Pennsylvania limited liability company (9711); National Envelope Corporation – East, a New Jersey Corporation (6888); National Envelope – Specialties Group LLC, a Delaware limited liability company (9156); National Envelope – Houston LLC, a Texas limited liability company (9210); National Envelope – Shelbyville Equity LLC, a Delaware limited liability company (9255); National Envelope – Exton Equity LLC, a Delaware limited liability company (9354); National Envelope –

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than NEC Holdings Corp. to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of these Chapter 11 Cases of NEC Holdings Corp.. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-11890.

6. The foregoing caption shall satisfy the requirements of Bankruptcy Code § 342(c)(1).

7. One consolidated docket, one file and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the United States Bankruptcy Court for the District of Delaware.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 11, 2010
Wilmington, Delaware

Peter J. Walsh
United States Bankruptcy Judge

Nashville Equity LLC, a Delaware limited liability company (9410); National Envelope – Houston Equity LLC, a Delaware limited liability company (9488); National Envelope – Leasing LLC, a Delaware limited liability company (9542); New York Envelope Corporation, a New York corporation (3186); National Envelope Corporation – North, a Massachusetts corporation (1548); National Envelope Corporation – South, a Georgia corporation (5404); National Envelope Corporation – Central, a Missouri corporation (8259); Old Colony Envelope Corporation, a Massachusetts corporation (4416); and Aristocrat Envelope Corporation, a New York corporation (9284). The mailing address for National Envelope Corporation is 333 Earle Ovington Boulevard, Suite 1035, Uniondale, NY 11553.

EXHIBIT
C

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## District of Delaware

In re National Envelope - AECO LLC, Debtor

Case No. 10-11893 (PJW)

Chapter 11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 6 | 1,853,564.03 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 150,245,170.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 5 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 18 | | | |
| | | Total Assets | 1,853,564.03 | | |
| | | | Total Liabilities | 150,245,170.00 | |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re **National Envelope - AECO LLC** , Case No. **10-11893 (PJW)**

Debtor

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | **See Attachment B22** | - | **Unknown** |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

Sub-Total > **0.00**
(Total of this page)

Sheet **2** of **3** continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com Best Case Bankruptcy

Case No. 10-11893 (PJW)

**National Envelope – AECO LLC**
**SCHEDULES OF ASSETS AND LIABILITIES**
**ATTACHMENT B22**

**(B22) Patents, Copyrights, and Other Intellectual Property**

**DESCRIPTION OF PROPERTY**

| Description | Country/State of Registration | Serial No. | Registration No./ Account No. | Current Value of Debtor's Interest in Property |
|---|---|---|---|---|
| **TRADEMARKS** | | | | |
| AECO | United States | 74/410,225 | 1,827,460 | Uknown |
| AECO & Design | United States | 73/007,911 | 1015270 | Uknown |
| ATENCO & Design | United States | 73/209,459 | 1,173,158 | Uknown |
| ATLANTIC ENVELOPE COMPANY | United States | 74/426,310 | 1853637 | Uknown |
| ATLANTIC ENVELOPE COMPANY | Texas | 53,940 | 53940 | Uknown |
| ATLANTIC ENVELOPE COMPANY | Texas | 53,939 | 53939 | Uknown |
| E-Z TRIEVE | United States | 73/217,734 | 1156345 | Uknown |
| FLEXOBLE | United States | 76/528,185 | 3,033,425 | Uknown |
| JUST ADD COLOR | United States | 76/521,900 | 2842711 | Uknown |
| **DOMAIN NAMES** | | | | |
| atlanticenvelope.com | N/A | N/A | 25083732 | Uknown |
| envelopesandmore.com | N/A | N/A | 30067013 | Uknown |
| eqcommerce.com | N/A | N/A | 2100399 | Uknown |
| eqcommerce.net | N/A | N/A | 2100399 | Uknown |
| eqcommerce.org | N/A | N/A | 2100399 | Uknown |

EXHIBIT
C

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEC HOLDINGS CORP., *et al.*,[1] | Case No. 10-11890 (PJW) |
| Debtors. | Jointly Administered |
| | Docket Ref. No. 1683, 1701, 1714 & 1719, 1297 |

**ORDER (I) CONVERTING CASES TO CHAPTER 7 OF THE BANKRUPTCY CODE AND (II) SETTING BAR DATE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS AND ESTABLISHING A HEARING DATE THEREON**

Upon consideration of the motion (the "**Motion**") [2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order, pursuant to sections 105(a), 331 and 1112 of the Bankruptcy Code, and Bankruptcy Rules 1017, 1019 and 2016, (i) converting each of the Debtors' chapter 11 cases to a case under chapter 7 of the Bankruptcy Code, and (ii) setting a date (x) that is thirty (30) days after the entry of an order approving the Motion as the

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: NEC Holdings Corp., a Delaware corporation (6395); National Envelope Corporation, a New York corporation (5935); National Envelope – WH LLC, a New York limited liability company (9721); National Envelope – AECO LLC, a Delaware limited liability company (9071); National Envelope – Chino LLC, a California limited liability company (9266); National Envelope – City of Industry, LLC, a California limited liability company (9710); National Envelope – Ennis LLC, a Delaware limited liability company (3868); National Envelope – Corsicana LLC, a Texas limited liability corporation (9716); National Envelope – Grand Prairie LLC, a Texas limited liability company (9258); National Envelope – Aurora LLC, a Colorado limited liability company (9712); National Envelope – Lenexa LLC, a Kansas limited liability company (9256); National Envelope – Appleton LLC, a Wisconsin limited liability company (9719); National Envelope – Elk Grove Village LLC, an Illinois limited liability company (9262); National Envelope – Scottdale LLC, a Pennsylvania limited liability company (9711); National Envelope Corporation – East, a New Jersey Corporation (6888); National Envelope – Specialties Group LLC, a Delaware limited liability company (9156); National Envelope – Houston LLC, a Texas limited liability company (9210); National Envelope – Shelbyville Equity LLC, a Delaware limited liability company (9255); National Envelope – Exton Equity LLC, a Delaware limited liability company (9354); National Envelope – Nashville Equity LLC, a Delaware limited liability company (9410); National Envelope – Houston Equity LLC, a Delaware limited liability company (9483); National Envelope – Leasing LLC, a Delaware limited liability company (9542); New York Envelope Corporation, a New York corporation (3186); National Envelope Corporation – North, a Massachusetts corporation (1548); National Envelope Corporation – South, a Georgia corporation (5404); National Envelope Corporation – Central, a Missouri corporation (8259); Old Colony Envelope Corporation, a Massachusetts corporation (1748); and Aristocrat Envelope Corporation, a New York corporation (9284). The mailing address for National Envelope Corporation is National Envelope Corporation, c/o Getzler Henrich & Associates, LLC, 295 Madison Avenue, 20th Floor, New York, NY 10017 (Attn: William Henrich and Dale Nissenbaum).

2 Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

EXHIBIT D

date by which all professionals in these Chapter 11 Cases must file Final Fee Applications and (y) for a hearing on the Final Fee Applications; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors and other parties in interest; and due and adequate notice of the Motion having been provided; and after due deliberation and sufficient cause appearing therefore, it is hereby **FOUND AND DETERMINED AS FOLLOWS:**

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Debtors have demonstrated sufficient cause for converting each of these Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code and for the related relief set forth herein.

**NOW THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, EFFECTIVE IMMEDIATELY, THAT:**

1. The Motion is granted.

2. Each of the Debtors' chapter 11 bankruptcy cases is hereby converted, effective as of the date and time of entry of this Order, to a case under chapter 7 of the Bankruptcy Code.

3. The Debtors shall:

   a. Forthwith turn over to the interim chapter 7 trustee, once one is appointed, all records and property of the estates under their custody and control, as required by Bankruptcy Rule 1019(4);

   b. By no later than fifteen (15) days after entry of this Order, file a schedule of unpaid debts incurred after the Petition Date and prior to entry of this Order, including the name and address of each creditor, as required by Bankruptcy Rule 1019(5)(A)(i); and

EXHIBIT D

c. Within thirty (30) days after entry of this Order, file and transmit to the U.S. Trustee a final report and account, as required by Bankruptcy Rule 1019(5)(A)(ii).

4. The chapter 11 professionals retained in these Chapter 11 Cases shall file final applications for compensation (including, without limitation, fees and expenses which are not the subject of any previous application, and any "holdbacks" retained in accordance with the Interim Compensation Order), which Final Fee Applications shall be filed with this Court, on or before 4:00 p.m. on December 23, 2011, or be forever barred from receiving any such compensation. A hearing on such timely filed Final Fee Applications shall be held before this Court at 2:00 p.m. (ET) on January 24, 2012.

5. This Court shall retain jurisdiction to hear and determine any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
December 13 2011

Honorable Peter J. Walsh
United States Bankruptcy Judge



## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement"), dated as of April 9, 2021, is by and between **ALFRED T. GIULIANO, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of NEC HOLDINGS CORP., ET AL.** (collectively, "Debtors"),[1] **BANKRUPTCY ESTATES** (collectively, "Estates"), and **OAK POINT PARTNERS, LLC** ("Purchaser").

**WITNESSETH:**

**WHEREAS**, on or about June 10, 2010, Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Court"), jointly administered under Case No. 10-11890; and

**WHEREAS**, on or about December 13, 2011, Debtors' bankruptcy cases were converted to cases under chapter 7 of the Bankruptcy Code, and on or about December 15, 2011, Trustee was appointed as chapter 7 trustee of Debtors' Estates; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estates remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS**, Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement by the Seller in the bank accounts at Mechanics Bank;[2] (b) cash held at the time of this Agreement in Seller's prior fiduciary bank accounts for Debtors' cases held at JPMorgan Chase; BNY Mellon; and Rabobank; provided, however, that any cash that exists in such bank accounts three years from the date of the closing of Debtors' cases shall be Remnant Assets; (c) any returned or undeliverable creditor claim distribution checks pursuant to 11 U.S.C. § 347; (d) any and all Goods[3] (e.g., office furniture) of Debtors; (e) all rights in and to, and liabilities or obligations arising out of or related to, the Debtors' real property; and

---

[1] Debtors, along with the last four digits of each Debtor's federal tax identification number, are as follows: NEC Holdings Corp. (6395); National Envelope Corporation (5935); National Envelope – WH LLC (9721); National Envelope – AECO LLC (9071); National Envelope – Chino LLC (9266); National Envelope – City of Industry, LLC (9710); National Envelope – Ennis LLC (3868); National Envelope – Corsicana LLC (9716); National Envelope – Grand Prairie LLC (9258); National Envelope – Aurora LLC (9712); National Envelope – Lenexa LLC (9256); National Envelope – Appleton LLC (9719); National Envelope – Elk Grove Village LLC (9262); National Envelope – Scottdale LLC (9711); National Envelope Corporation – East (6888); National Envelope – Specialties Group LLC (9156); National Envelope – Houston LLC (9210); National Envelope – Shelbyville Equity LLC (9255); National Envelope – Exton Equity LLC (9354); National Envelope – Nashville Equity LLC (9410); National Envelope – Houston Equity LLC (9483); National Envelope – Leasing LLC (9542); New York Envelope Corporation (3186); National Envelope Corporation – North (1548); National Envelope Corporation – South (5404); National Envelope Corporation – Central (8259); Old Colony Envelope Corporation (1748); and Aristocrat Envelope Corporation (9284).

[2] The excluded bank accounts, with account name and last 4 digits of the corresponding account, are as follows: NEC Holdings Corp. (2766); National Envelope Corporation (6466); National Envelope - City of Industry (4566); National Envelope - Corsicana, LLC (7766); National Envelope - Aurora, LLC (8966); National Envelope - Appleton, LLC (4866); National Envelope - Scottdale, LLC (8066); National Envelope - Ennis, LLC (7366); National Envelope - Lenexa, LLC (0766); National Envelope - Elk Grove Village (3167); National Envelope Corporation - East (8066); National Envelope - Specialties Group (2166); and New York Envelope Corp. (7066). To the extent that the cash in the foregoing Mechanics Bank accounts is transferred to other fiduciary bank accounts, this provision is meant to capture such subsequent accounts as well, but not additional cash received after execution of the Agreement.

[3] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.



(f) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of [redacted] payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** Subject to Court approval, the sale of the Remnant Assets by Seller is made pursuant to the authority vested in Seller.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of Purchaser to which Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7. **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of Seller or its affiliates of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Remnant Assets, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

EXHIBIT
E

9. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the transfer of the Remnant Assets to Purchaser and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware, without giving effect to choice of law principles of the State of Delaware.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**OAK POINT PARTNERS, LLC**

By: Eric A. Linn
Name: ERIC LINN
Its: President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 1000, Skokie, IL 60077
Tel (847) 577-1269 Fax (847) 655-2746

**NEC HOLDINGS CORP., ET AL., BANKRUPTCY ESTATES**

By: Alfred T Giuliano wP/Duc
Name: ALFRED T. GIULIANO
Its: Chapter 7 Trustee

Address: c/o Giuliano Miller & Co., LLC, 2301 E. Evesham Road, Pavilion 800, Suite 210, Voorhees, NJ 08043
Tel (856) 767-3000 Fax (856) 767-3500

EXHIBIT
E

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| NEC HOLDINGS CORP., *et al.*,[1] | Case No. 10-11890 (CSS) Jointly Administered |
| Debtors. | **Re: Docket No. 2458** |

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTORS' ESTATES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

Upon the Motion of Alfred T. Giuliano, chapter 7 trustee ("Trustee") for the estates (collectively, "Estates") of the captioned debtors (collectively, "Debtors"), requesting the entry of an order approving the sale of certain assets of the Debtors' Estates to Oak Point Partners, LLC ("Oak Point") free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and Federal Rule of Bankruptcy Procedure 6004, and related relief ("Motion")[2];

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: NEC Holdings Corp., a Delaware corporation (6395); National Envelope Corporation, a New York corporation (5935); National Envelope – WH LLC, a New York limited liability company (9721); National Envelope – AECO LLC, a Delaware limited liability company (9071); National Envelope – Chino LLC, a California limited liability company (9266); National Envelope – City of Industry, LLC, a California limited liability company (9710); National Envelope – Ennis LLC, a Delaware limited liability company (3868); National Envelope – Corsicana LLC, a Texas limited liability corporation (9716); National Envelope – Grand Prairie LLC, a Texas limited liability company (9258); National Envelope – Aurora LLC, a Colorado limited liability company (9712); National Envelope – Lenexa LLC, a Kansas limited liability company (9256); National Envelope – Appleton LLC, a Wisconsin limited liability company (9719); National Envelope – Elk Grove Village LLC, an Illinois limited liability company (9262); National Envelope – Scottdale LLC, a Pennsylvania limited liability company (9711); National Envelope Corporation – East, a New Jersey Corporation (6888); National Envelope – Specialties Group LLC, a Delaware limited liability company (9156); National Envelope – Houston LLC, a Texas limited liability company (9210); National Envelope – Shelbyville Equity LLC, a Delaware limited liability company (9255); National Envelope – Exton Equity LLC, a Delaware limited liability company (9354); National Envelope – Nashville Equity LLC, a Delaware limited liability company (9410); National Envelope – Houston Equity LLC, a Delaware limited liability company (9483); National Envelope – Leasing LLC, a Delaware limited liability company (9542); New York Envelope Corporation, a New York corporation (3186); National Envelope Corporation – North, a Massachusetts corporation (1548); National Envelope Corporation – South, a Georgia corporation (5404); National Envelope Corporation – Central, a Missouri corporation (8259); Old Colony Envelope Corporation, a Massachusetts corporation (1748); and Aristocrat Envelope Corporation, a New York corporation (9284).

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided, and that further notice has been waived; and the Court having read and considered the Motion; and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the Bidding Procedures are fair, reasonable and appropriate, reflect the Trustee's exercise of prudent business judgment consistent with the Trustee's fiduciary duties, and are designed to maximize the value to be obtained by the Estates for the Remnant Assets; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief sought in the Motion is GRANTED.

2. The Purchase Agreement and all of its terms and conditions are approved.

3. The Bidding Procedures are approved.

4. The Purchase Agreement and the Bidding Procedures are fair and reasonable.

5. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Remnant Assets to Oak Point for the Purchase Price as provided in the Motion.

6. Pursuant to 11 U.S.C. § 363(f), the sale of the Remnant Assets to Oak Point ("Sale") shall be free and clear of any and all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the Estates' right to



the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

7. The Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

8. Oak Point is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

9. The transfer of the Remnant Assets to Oak Point pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of all right, title and interest of the Trustee and the Debtors' Estates in the Remnant Assets, and shall vest Oak Point with all of the Trustee's and the Debtors' Estates' right, title and interest in the Remnant Assets and proceeds thereof.

10. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

11. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

220801429v1

**Dated: April 29th, 2021**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**



AO 213P (Rev. 5/22)

# REQUEST FOR PAYEE INFORMATION AND TIN CERTIFICATION

**Refer to the instructions page for further information on completing this form. Vendors providing goods and services must use the AO 213 form.**
*Note: Typed forms and forms that include a populated Type of Vendor may result in more efficient and precise processing. **For handwritten forms, please see the General Instructions for the list of options for the Type of Vendor, Part 3 - SSN/EIN and Part 4 - U.S. Tax Classification, and Part 6 - Account Type drop down menus.*

****Type of Payee** Unclaimed Fund Claimant **Refund recipient only. Is the refund over $200?**

**Part 1 Payee Information**

Line 1. Payee Name: Oak Point Partners, LLC

Line 2. Additional payee information: *(if applicable)*

**Part 2 Business Name** *(if different from above)*

**Part 3 Enter your TIN in the appropriate box.** The TIN provided must match the name given in Part 1, Line 1. ** EIN

EIN: [redacted]

SSN: - -

**Part 4 **Select the appropriate U.S. tax classification for person or entity listed in Part 1, Line 1.**

LLC - Partnership

**Part 5 Mailing Address** *(where payments, orders, and IRS 1099 forms, as applicable, will be sent)*

Street Address: C/o Dilks & Knopik, LLC, 35308 SE Center Street

City: Snoqualmie State: WA Zip code: 98065

Point of Contact *(if different from above)*:

Name: Brian Dilks or Andrew Drake Phone #: (425) 836-5728

Email: admin@dkllc.com

**Part 6 Electronic Funds Transfer (EFT) Information (OPTIONAL)**

Owner(s) name appearing on bank account:

Bank Name:

**Select an Account Type: Routing # (9 digits):

Account number *(do not include check number)*

**Part 7 Certification**

**Under penalties of perjury, I certify that:**

1. The number shown on this form is my correct taxpayer identification number; and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the IRS that I am subject to backup withholding as a result of a failure to report all interest and dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined in the instructions).

**The IRS does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.**

Signature: [signature] Date: 1/31/2023

***Sensitive information must be securely maintained and only visible to designated staff.***